UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOAN SIMONE, on behalf of herself
and the class defined herein,

                Plaintiffs,

v.

THE CBE GROUP, INC.

                Defendant.
-----------------------------------------------------X

**CLASS-ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

CV12-1657
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 2 - 2012
BROOKLYN OFFICE

BRODIE, J.
REYES, M.J

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action to secure redress from unlawful collection practices engaged in by the defendant "The CBE Group, Inc. ("CBE"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because:

   a. The events giving rise to this action occurred within this District;

   b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Joan Simone ("Simone"), is an individual who resides in Queens County, New York.

6. Defendant, CBE, is an Iowa corporation with offices at 1309 Technology Parkway in Waterloo, Iowa 50704.

7. CBE is a collection agency according to its website http://www.cbegroup.com/.

8. CBE is a licensed debt collector by the New York City Department of Consumer Affairs.

9. CBE is a "debt collector" as that term is defined by the FDCPA.

10. CBE was acting as a "debt collector" in regards to the debt that it was trying to collect from Simone.

## FACTS

11. On or about December 16th 2011, plaintiff received a letter from CBE with CBE's logo and name.

12. In conveying <u>Exhibit A</u>, CBE sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal Zales Account issued by Citibank.

13. The debt sought to be collected is a "debt" as defined by the FDCPA.

14. Simone is a "consumer" as defined by the FDCPA.

15. The letter is a "communication" as defined by the FDCPA.

16. Exhibit A is a standard form document.

17. More than 50 examples of Exhibit A have been conveyed during the last 12 months.

18. More than 40 examples have occurred where Rubin & Rothman on behalf of Capital One has sued in the Supreme Court of the State of New York when there is a lower competent jurisdiction to hear the case in the past 3 years.

19. Exhibit A is conveyed to consumers with the knowledge and consent of CBE.

20. Documents in the form represented by Exhibit A are regularly conveyed to collect delinquent debts.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against Rubin & Rothman)

21. Plaintiff incorporates by reference paragraphs all of the preceding paragraphs of this Complaint as though fully stated herein.

22. The conduct of CBE in this case violates 15 U.S.C. §§1692, 1692e and 1692g.

23. Section 1692c entitled "communication in connection with debt collection" states in part:

**(c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

24. Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

25. Section 1692g entitled Validation of Debts provides:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any

collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

26. A communication is misleading under the FDCPA if it can reasonably be read to have two or more different meanings one of which is inaccurate.

27. A communication is examined from the perspective of the least sophisticated consumer.

28. The letter stated "To prevent further phone calls and receiving future letters in regards to this matter please bring your account current through one of the payment options below."

29. The least sophisticated consumer could interpret this language as meaning the *only* way to prevent future calls and letters is through one of the payment options below while Section 1692c as quoted above allows the consumer merely to write the debt collector to cease further communications and the debt collector may not communicate further with the consumer except in circumstances which would not be applicable here. See *Williams v. The CBE Group, Inc.* 11-cv-3680-FSH D.N.J. Dec. 2011 which analyzes the same letter.

30. The letter overshadows plaintiff's right to dispute the debt within 30 days in violation of Section 1692g.

31. As a result of the illegal conduct of Rubin & Rothman, plaintiff is entitled to statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules

of Civil Procedure Rule 23(a) and 23(b) (3).

33. The class consists of (a) all individuals (b) with a New York address (c) who have received a letter in the form of <u>Exhibit A</u> (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

34. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of each class.

35. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question as to each class member is whether the identical letter that they received violates the FDCPA.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. individual actions are not economically feasible;

    b. members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Statutory damages;

   (2)  Attorney's fees, litigation expenses and costs of suit;

   (3)  Such other and further relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
   March 30, 2012

               **The Law Offices of Shimshon Wexler, PC**

             By: _____
             Shimshon Wexler (SW0770)
             *Attorney for Plaintiff*
             2710 Broadway, 2nd Floor
             New York, New York 10025
             Tel: (212)760-2400
             Fax: (917)512-6132
             swexler@collectorabuselaw.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

               _____
                   Shimshon Wexler

# *EXHIBIT A*

# CBE group

|  |  |
|---|---|
| Creditor: | Citibank, N.A. |
| Your Account Number: | ████ |
| Total Amount Due: | $747.03 |
| Reference Number: | 0187 |
| User ID: | 07011137744 |
| Password: | ████ |

Corporate Address:  1309 Technology Pkwy, Cedar Falls, IA 50613
Hours of Operation:  9:00 a.m.- 5:00 p.m. CT Monday-Friday

12/14/11

Dear JOAN SIMONE :

This account has been forwarded to our office by Citibank, N.A. regarding your ZALES account. Our client indicates that your balance of $747.03 is past due. To prevent further phone calls and receiving future letters in regards to this matter, please bring your account current through one of the payment options below. We are here to assist you in this matter.

| | |
|---|---|
| Option 1: | Send your check or money order payable to "Citicorp Credit Services, Inc. (USA)" with one of the payment coupons provided with this letter. |
| Option 2: | Pay online by check at www.paycbe.com (Secure Internet Access) to resolve and not have to talk to anyone about this matter. To access your account online, your CBE user ID is 07011137744 and your online access code is y2Uo$5Vh. NOTE: If you have already accessed your online account and chosen a new access code, please use the code you created at that time and disregard the code provided above. |
| Option 3: | Call us at (866)884-7575 to discuss paying with check by phone, debit card or via convenient Western Union. |

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

Please call our office with change of address information.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

999CDCBEG070187

011137744-22-001100
PO BOX 2547
WATERLOO, IA 50704-2547
CHANGE SERVICE REQUESTED

| ACCOUNT #: ████ | DATE: 12/14/11 | PLEASE PAY THIS AMOUNT: $747.03 |
|---|---|---|
| AMOUNT ENCLOSED: | | |

12/14/11   Reference Number: 0187   CS Number: 07-011137744

Your email address: _____
By providing your e-mail address you hereby authorize us to communicate with you in our attempt to collect any debt you may owe at the e-mail address you have provided.

07-011137744 - 0187          680910518

SIMONE, JOAN
8320 141st St Apt 3C
Briarwood NY 11435-1615

THE CBE GROUP, INC.
PAYMENT PROCESSING CENTER
PO BOX 2695
WATERLOO, IA 50704-2695

07  0111377442001100  0000000074703  121411  187  7